**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Katherine Ponce, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Lenovo (United States) Inc.,<br><br>Defendant. | Case No. 16-cv-1000 (JNE/JSM)<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT CLASS CERTIFICATION AND PROPOSED CLASS ACTION SETTLEMENT |

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Defendant Lenovo (United States) Inc. ("Lenovo"). Defendant does not oppose the Motion. Def. Br. 1, Dkt. No. 35. The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement") (*see* Dkt. No. 29-1 Ex. 1), the proposed notices to be distributed to the Settlement Class (the Class Notice, Substitute Notice, and Reminder Notice) (*see* Exs. 2, 4, & 5 to Settlement Agreement at Dkt. No. 29-1), the proposed Claim Form (*see* Ex. 1 to Settlement Agreement at Dkt. No. 29-1), the other papers submitted in connection with the Motion, the parties' arguments at the Motion hearing, and the record in the above-captioned action ("Action"). Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to exclude themselves from the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, solely for the purpose of effectuating this Settlement, the following Settlement Class:

> All persons in the United States who purchased a Lenovo computer or tablet, other than a "ThinkPad" branded product, through Lenovo's website on or after December 1, 2014 through December 31, 2015.

4. For purposes of preliminarily approving the Settlement, and without judging the merits of the Action, the Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a) and makes the following findings. The number of class members is sufficiently numerous that joinder of all class members is impractical. There are questions of law and fact common to the class with respect to Lenovo's alleged false reference pricing scheme, as described in the Amended Complaint. Plaintiff's claims are typical of the claims of the Settlement Class. Finally, Plaintiff and her counsel have fairly and adequately represented the interests of the Settlement Class.

5. Similarly, for purposes of preliminary approval, the Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, the resolution and settlement of this Action as a class action is

superior to alternative methods of adjudicating the claims of the members of the Settlement Class, and manageability of this Action as a class action will not present any difficulties in the context of this Settlement. The Court has been informed that the parties are unaware of any other pending litigation concerning the controversy that involves the class members.

6. The Court hereby preliminarily appoints Plaintiff's counsel, Nichols Kaster, PLLP, the University of Minnesota Law School Consumer Law Clinic, and Michael Vanselow, Esq., as Class Counsel for the Settlement Class.

7. The Court preliminarily appoints Plaintiff Katherine Ponce as Class Representative for the Settlement Class.

8. The Court makes the following findings on a preliminary basis: The terms of the Settlement (including the monetary relief, prospective relief, and release of claims) are within the range of possible approval as a fair, reasonable, and adequate settlement of this Action. *See* Fed. R. Civ. P. 23(e). The Settlement Agreement appears to be the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims in the Action and became familiar with the strengths and weaknesses of those claims. The assistance of a retired United States Magistrate Judge as a mediator in the settlement process supports a conclusion that the Settlement is non-collusive and was fairly negotiated at arm's length. The Court therefore grants preliminary approval of the Settlement.

9. The Court finds and concludes that the procedure set forth in the Settlement Agreement for providing notice of the Settlement to the Settlement Class will provide the

best notice practicable, satisfies the notice requirements of Rule 23, adequately advises Settlement Class members of their rights under the Settlement, and meets the requirements of due process. The proposed Class Notice will fairly, plainly, accurately, and reasonably provide Settlement Class members with all required information, including (among other things): (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) instructions for submitting a claim and the deadline for doing so; (5) a disclosure of the release of claims should they choose to remain in the Settlement Class; (6) an explanation of Settlement Class members' opt-out rights, a date by which Settlement Class Members must opt out, and information regarding how to do so; (7) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (8) the date, time, and location of the final approval hearing; (9) the internet address for the Settlement Website and contact information for the Claims Administrator; and (10) information regarding Class Counsel and the named Class Representative, and the compensation that they may seek in connection with the Settlement. The proposed plan for transmitting the Class Notice by email to members of the Settlement Class, along with Substitute Notice via U.S. Mail where email transmission is unsuccessful, is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. In addition, a Reminder Notice will be sent to any Settlement Class Member to whom the Class Notice was delivered via email, but that Class Member either (i) did not read the email containing the Class Notice or (ii) read the email containing the Class Notice but did not submit a claim. Further, Settlement Class Members will be able

to obtain additional information through the Settlement Website (www.lenovodiscountpricingsettlement.com) or by contacting the Claims Administrator, which the Court finds to be a reasonable form of supplemental notice.  Accordingly, the Court approves the form and planned method of distributing notice of the Settlement to Settlement Class members.

10.    The Court further preliminarily finds that the Claim Form set forth in the Settlement Agreement is not unduly burdensome for Settlement Class Members to complete, and that the claims process established by the Settlement is reasonable and appropriate.

11.    Members of the Settlement Class who wish to exclude themselves from the Settlement must submit a written statement to the Claims Administrator requesting exclusion from the Settlement ("Opt-Out Request"), postmarked no later than sixty (60) days after the Class Notice Date.  The Opt-Out Request must contain the name and address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out.  Any member of the Settlement Class who requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon.  Members of the Settlement Class who do not submit a valid and timely Opt-Out Request shall be bound by all terms of the Settlement Agreement, including the Class Release.  No Opt-Out Request may be made on behalf of a group of Settlement Class Members, and untimely requests to opt out will be deemed invalid and ineffective.

12. Any member of the Settlement Class who wishes to object to the Settlement must mail a written statement of objection to the Claims Administrator postmarked no later than sixty (60) days after the Class Notice Date. The Notice of Objection must: (a) provide the name and address of the Settlement Class Member making the objection; (b) state the basis for the objection; (c) indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either personally or through counsel; and (d) be personally signed by the Settlement Class Member. Settlement Class Members who fail to make timely and valid objections in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

13. The Court will conduct a Final Approval Hearing on **August 28, 2017, at 9:30 a.m.**, to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members satisfies Rule 23 and due process, whether any objections to the Settlement should be overruled, the amount of attorneys' fees and expenses that should be granted to Class Counsel, and whether a class representative service award to the named Class Representative should be approved (and in what amount).

14. Plaintiffs' motion for attorneys' fees, expenses, and a class representative service award shall be filed at least twenty-eight (28) days prior to the Opt-Out Deadline.

15. The Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely-submitted objections to the Settlement. Class Counsel

shall, with the Final Approval Motion, file copies of any and all submitted objections with the Court.

16. Pending the Court's final determination as to whether the Settlement should be approved, all members of the Settlement Class and all persons acting on behalf of any member of the Settlement Class are barred and enjoined from asserting any claim against the Released Parties which falls within the definition of the Released Claims in the Settlement Agreement, and shall not pursue any actions against the Released Parties asserting the Released Claims.

17. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, the Action shall continue, and Plaintiff and Defendant shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 23, 2017                                s/ Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge